**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHNATHAN LEE PARTAIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:26-00364-KD-N** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| ***Commissioner of Social Security*,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This civil action is before the Court on the motion for leave to proceed without prepayment of fees and costs, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915 (Doc# 2) filed by the Plaintiff, **JOHNATHAN LEE PARTAIN**. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/11/2026 electronic reference notation).

Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee" and "such additional fees…as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). However, a district court may grant a plaintiff permission to proceed without prepayment of such fees under 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the

> commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).[1]

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). However, "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986),[2] and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam). Nevertheless, "while a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (per curiam) ("[A] trial

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

[2] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee … To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915…However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds." (quotation omitted)).

> When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Watson v. Ault,* 525 F.2d 886, 891 ([5]th Cir. 1976). An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 338–40, 69 S. Ct. 85, 88–89, 93 L. Ed. 43 (1948). Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. *Id.* at 339, 69 S. Ct. at 89. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. *Id.* at 339–40, 69 S. Ct. at 89…The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review. *O'Neal v. United States,* 411 F.2d 131, 138 (5th Cir. 1969); *Phipps v. King,* 866 F.2d 824, 825 (6th Cir. 1988); *Besecker v. State of Ill.,* 14 F.3d 309, 310 (7th Cir. 1994) (per curiam).

*Martinez*, 364 F.3d at 1307 (footnotes omitted).

"A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (per curiam) (unpublished)[3] (citing *Martinez*, 364 F.3d at 1307-08). "The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v.*

[3] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application."); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (per curiam) (funds "derived from family sources" are relevant to IFP determination); *Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (same).[4] "Federal Courts have frequently

[4] Most cases considering the ability of someone else to pay these costs for a putative pauper focus on whether those costs can be borne by a close family member—such as a spouse, parent, an adult sibling, or other next friend. *E.g., Williams*, 455 F. Supp. at 209; *see also Pisano v. Astrue*, Civil Action No. 11–30269–KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, if not other close family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915.") (collecting cases); *but see Fridman*, 195 F. Supp. 2d at 537 ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from ***those who ordinarily provide the applicant with the 'necessities of life,'*** such as 'from a spouse, parent, adult sibling or other next friend.'" (emphasis added)), *Ginters v. Frazier*, Civ. No. 07-4681 (JMR/RLE), 2008 WL 314701, at *2 n.1 (D. Minn. Feb. 4, 2008) ("Federal Courts have frequently recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from ***any other individual***." (emphasis added)), *and Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider

recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from ***any other individual***." *Ginters v. Frazier*, Civ. No. 07-4681 (JMR/RLE), 2008 WL 314701, at *2 n.1 (D. Minn. Feb. 4, 2008) (emphasis added); *accord Fridman*, 195 F. Supp. 2d at 537; *Williams*, 455 F. Supp. at 208-09; *Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider the income or resources of interested persons, such as spouses and parents." (citation omitted)).

Upon due consideration of the representations in the Plaintiff's IFP motion, which is sufficiently in the form of an unsworn declaration made under 28 U.S.C. § 1746, the undersigned finds it is reasonably apparent that the Plaintiff lacks the means to pay the $405 filing fee and other related costs without being deprived of the basic necessities of life. *See Martinez*, 364 F.3d at 1307 (one need not be "'absolutely destitute' to qualify for indigent status under § 1915"). Accordingly, the Plaintiff's IFP motion (Doc# 2) is **GRANTED**.

This action shall proceed in accordance with the Court's current Standing

---

the income or resources of ***interested persons***, such as spouses and parents." (citation omitted and emphasis added)).

The undersigned requires this inquiry when it appears likely that a plaintiff's primary means of support is through such an individual. *Cf. Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("[I]t is an abuse of discretion to deny an IFP application based upon a spouse's financial resources, unless there is a reasonable inquiry into (a) whether the spouse's resources are actually available to the would-be plaintiff and (b) whether the spouse in fact has sufficient funds, given his or her own expenses, to assist in paying the fee.").

Order 4 (effective January 27, 2023) (https://www.alsd.uscourts.gov/sites/alsd/files/STDO4.PDF), which adopts and supplements the procedures set out in the Federal Rules of Civil Procedure, Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) (effective Dec. 1, 2022).

**DONE** and **ORDERED** this the **15th** day of **September 2026**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**